```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

WILLIAM MORALES,

                       Petitioner,

vs.                                         Case No.   2:09-cv-484-FtM-29SPC

GEORGE    SHELDON,    Secretary,
Department of Children & Families,

                       Respondent.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon review of Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. #29, Motion), filed October 22, 2010.  On November 5, 2010, Petitioner filed a Reply (Doc. #20, Reply) in opposition thereto.  This matter is ripe for review.

**I.**

William Morales, a *pro se* petitioner who is currently civilly confined at the Florida Civil Commitment Center ("FCCC"), initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to "28 U.S.C. § 2241, § 2242, § 2254."  Doc. #1 at 1. The Court properly construed the Petition as filed pursuant to § 2241 because Petitioner seeks release from his civil confinement, Hiteshaw v. Dep't of Children & Families, Case No. 2:06-cv-586-FtM-99DNF, 2011 WL 308174 (M.D. Fla. 2011), and directed Petitioner to file an Amended Petition.  Petitioner is proceeding on his Amended

Petition (Doc. #10, Amended Petition), which raises the following seven grounds for relief:

>  Ground One- Violation of Due Process stemming from designation as Sexual Predator;

>  Ground Two- Due Process Violation stemming from commencement of Jimmy Ryce proceedings 47 days before anticipated release from State prison;

>  Ground Three- Ex Post Facto Clause violation because Jimmy Ryce Act was enacted ten years after Petitioner was charged;

>  Ground Four- Due Process Violation stemming from lac of assistance of counsel during meeting with psychologist;
>  Ground Five- Violation of Contractual agreement stemming from Petitioner's entry of plea;

>  Ground Six-Violation of Liberty Interest stemming from facts mentioned in Ground Five;

>  Ground Seven- Ineffective assistance of defense counsel in ongoing civil commitment proceedings.

Amended Petition at 1-7. As relief, Petitioner seeks removal of his "sexual predator" designation, notification to all agencies about the removal of his sexual predator designation, dismissal of the involuntary civil commitment proceedings, and immediate release from the FCCC.[1]  Doc. #1 at 5.

## II.

Respondent the Secretary for the Department of Children and Families moves for dismissal under the Younger[2] abstention doctrine

---

[1] Petitioner mistakenly failed to include his relief requested in his Amended Petition.

[2] Younger v. Harris, 401 U.S. 37 (1971).

because Petitioner's civil commitment proceedings are pending before the State court. Motion at 1-2. As such, Respondent states that Petitioner has the opportunity to advance his claims raised *sub judice* in his civil commitment proceedings. Id. at 2. Respondent further points out that the Petition contains no allegation, or even a suggestion of bad faith, or an inability to advance the claims in the State court. Id. In Reply, Petitioner does not address any of the Respondent's contentions. See Reply. Instead, Petitioner states that this Court should not transfer the action to the Southern District of Florida. See generally Reply.

### III.

Upon review of the matter, the Court will grant the Respondent's Motion. Considering that Petitioner's civil commitment trial proceedings remain pending before the State court, dismissal of this Petition is warranted. See Younger, 401 U.S. 37 (holding that federal courts should abstain from interfering with pending state proceedings when the pending state proceedings are judicial in nature, the proceedings involve important state interests, and the proceedings offer adequate opportunity to raise any constitutional issues); Maharaj v. Sec'y Dep't of Corr., 304 F.3d 1345 (11th Cir. 2002) (finding federal habeas petition was not ripe for review when state judgment was not yet final). Under the Younger doctrine, federal courts should abstain from interfering with a state proceeding absent a showing of: bad faith prosecution,

irreparable injury, or the absence of an adequate state forum. <u>Hughes v. Attorney General of Fla.</u>, 377 F.3d 1258, 1263 (11th Cir. 2004)(citations omitted). Subsequent decisions have refined <u>Younger</u> to only those cases when the prosecution is brought to harass, or otherwise brought in bad faith. <u>News Journal v. Foxman</u>, 939 F.2d 1499, 1507-09 (11th Cir. 1991).

The Court finds that none of the aforementioned exceptions apply in this case. Petitioner has an adequate State forum and may raise the instant claims during his civil commitment proceedings. In particular, Petitioner has not yet been declared a sexually violent predator in need of commitment under the Sexual Violent Predator's Act because his civil commitment trial has not yet been conducted. <u>See</u> <u>generally</u> Fla. Stat. § 394.910-.931. If found by the jury to meet the requirements for civil commitment, a final judgment of commitment would be entered, and Petitioner would have the right to appeal the decision and exhaust his constitutional claims in the state courts. Alternatively, the commitment trial may conclude in his favor and result in Petitioner's release, thus mooting this Petition.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Respondent's Motion to Dismiss (Doc. #19) contained within his Response to the Petition is accepted as timely filed and is **GRANTED**. Petitioner's Amended Petition for the Writ of Habeas

Corpus is **DISMISSED** without prejudice, except as to any application of the federal statute of limitations or other procedural bars that may apply.

    2.   Respondent's Motion to Transfer, or in the alternative Motion for Special Appearance (Doc. #16) and Motion to Amend the aforementioned motion (Doc. #17) is **DENIED as moot.**

    2.   The **Clerk of Court** shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this file

    **DONE AND ORDERED** in Fort Myers, Florida, on this   15th   day of February, 2011.

                                                    JOHN E. STEELE
                                                  United States District Judge

SA: alj
Copies: All Parties of Record